CRISTINA ESCALERA FALÚ, Plaintiff and Appellee, *v.* WEST INDIA OIL COMPANY, Defendant and Appellant.

No. 5145.  Argued May 12, 1932.—Decided May 31, 1932.

*José Carbia Miranda* for appellant.  *E. H. F. Dottin* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

Octaviano J. Herrera owned two lots recorded in his name in the registry of property and located at a place called Seboruco in the ward of Santurce of this city.  He sold them by

552

deed No. 82, dated May 27, 1924, to Cristina Escalera Falú. One of said lots was recorded in the registry in the name of the purchaser Escalera Falú, but the other was not recorded at all. Some years afterwards the corporation West India Oil Co. brought an action of debt against Octaviano J. Herrera and, in execution of a judgment of recovery rendered therein, the unrecorded lot purchased by Escalera Falú was attached, sold at public auction, and awarded to said corporation for $2,700, in partial satisfaction of the judgment. No other bidders were present at the auction sale. After the marshal had executed the corresponding deed in favor of the corporation, the lot was recorded in the name of the West India Oil Co. in the registry of property. Subsequently, Cristina Escalera Falú brought suit against said corporation to annul the attachment, auction sale, and award of said lot, and to cancel the record made in the registry of property in favor of said corporation. The only ground alleged by the plaintiff was that she had purchased said lot from Herrera in 1924 and that ever since she has been in possession thereof and paying the taxes thereon. The defendant corporation opposed the complaint and alleged that it had purchased from the person who appeared as owner in the registry and that at no time did it have notice that the ownership of the lot referred to in the complaint had been transferred to the plaintiff, and that no record of such transfer appears in the registry.

On the day set for the trial, the parties stipulated to submit the case to the decision of the court upon an agreed statement of facts. One of the facts submitted as proved by the defendant is: ''That at no time prior to being served with the summons in this action, did the defendant have notice of the existence of the deed No. 82, dated May 27, 1924, nor of the fact that the plaintiff claimed to be the owner of the property the object of this suit.'' The parties exhibited with said stipulation their respective title papers and the tax receipts paid by the plaintiff.

The judgment rendered was in favor of the plaintiff, and thereupon the defendant took the present appeal. It urges that the lower court erred in not holding that the corporation is a *bona fide* purchaser and that the title of the appellant is superior to that of the appellee.

The appellee maintains that the appellant is not a *bona fide* purchaser, because it appears from the fact which it admitted as proved, and which we have already quoted, that when it made the purchase it had notice of the prior conveyance to Cristina Escalera Falú; however, the stipulated fact above transcribed does not admit that interpretation, but the opposite one, to the effect that until defendant was summoned in the action, it had no notice of the purchase made by the appellee, nor of her claim that she was the owner of the property. Therefore, as the appellant purchased without notice of the previous sale to the appellee and without there being any record of such sale in the registry, it was a *bona fide* purchaser; and it can not be said, as the lower court did, that it was not a *bona fide* purchaser because it had or should have had notice of the fact that the lot did not belong to its debtor when the appellee purchased it, since there is no evidence showing that it had such notice or should have had it, as it was ignorant of that sale, of which the registry of property did not give any notice either. The case of *Blanco* v. *Hernández et al.*, 18 P.R.R. 686, cited by the appellee, does not support the judgment appealed from because the decision in that case rests on the theory that the defendant in the action was not a *bona fide* purchaser, inasmuch as prior to his purchase he knew that the *condominium* involved had already been sold, which does not occur in the case at bar.

The appellee further maintains that the appellant is not a *bona fide* purchaser, because its title originated in an award made in an execution sale in partial satisfaction of its judgment credit, without any delivery of the purchase money.

As regards an award made at an execution sale in favor of a judgment creditor, in total or partial payment of his credit, the decisions of the courts in the continental United States are not uniform. Some courts hold that he is not an innocent purchaser, but he is chargeable with notice of all irregularities in the judgment, execution, and sale, and of all liens upon, and equities subsisting against, the property in the hands of the judgment creditor; although in most of these jurisdictions the rule does not apply to unrecorded instruments which are required by statute to be recorded. In 23 Corpus Juris, page 765, it is said: ''Under the various registry acts providing that all deeds and title papers shall be in force and take effect from and after the time of filing the same for record and not before, as to all creditors and subsequent *bona fide* purchasers without notice, it is usually held that the judgment creditor purchasing the property at the execution sale will be protected against an unrecorded deed or mortgage of which he had no actual notice.'' Our laws require that instruments conveying real property must be recorded in the registry of property in order that they may affect third persons. Consequently, the title of the appellee which should have been recorded but was not recorded, does not deprive the purchaser at the execution sale of its status as a *bona fide* purchaser (*tercero de buena fe*). Moreover, the equity which the appellee invokes as a basis for claiming a superior right to the lot, by reason of her having purchased before the appellant did, does not exist in this case, because, as we shall see further on in this opinion, that question has already been settled by the law adversely to her contention, she having failed to record the title.

The instant case deals with conflicting sales of the same real property to different vendees, the first sale having been made by the owner himself and the second one by a marshal on behalf of said owner, which latter sale must be regarded as if the owner himself had made it voluntarily, in accordance

with section 7 of the Act relating to judgments and the manner of satisfying them.

Since early times the law has anticipated that a sale of the same thing to different vendees is apt to occur, for *Partida* V, tit. 5, law 50, regulated the matter. Section 1473 of the Spanish Code, equivalent to section 1376 of our Code (sec. 1362, 1930 ed.), provides for cases of duplicate sales, distinguishing between personal property and real property and, as regards the latter, the cases where the same has been recorded from those where no record has been made. Said section reads as follows:

"If the same thing should have been sold to different vendees, the ownership shall be transferred to the person who may have first taken possession thereof in good faith, if it should be personal property.

"Should it be real property, it shall belong to the person acquiring it who first recorded it in the registry.

"Should there be no entry, the property shall belong to the person who first took possession of it in good faith, and, in the absence thereof, to the person who presents the oldest title, provided there is good faith."

The Mortgage Law provides in section 36 that rescissory and resolutory actions shall not lie against third persons who have recorded the deeds of their respective interests, and in subdivision 4 of section 38, that no instrument or contract shall be annulled to the prejudice of a third person who shall have recorded his interests, on account of a duplicate sale of the same thing when one of the sales has not been recorded. Both the Civil Code and the Mortgage Law, by reason of such record, give preference to the purchaser who records. Therefore, as the first purchaser did not record title but the second one did, the lot belongs to the latter and its title and record can not be annulled even though the appellee has been in possession of the lot as owner thereof, for where one of two conflicting sales of realty has been recorded the existence of such record is the only circumstance that the law

takes into account for deciding the conflict in the titles. In the case of *Gutiérrez Hermanos* v. *Ramírez,* 27 Phil. Rep. 281, judgment was rendered in favor of the second purchaser because his title was recorded, and this notwithstanding the fact that the first purchaser, who failed to record his title, had been in possession of the property for many years.

The lower court said, and the appellee urges, that when the second alienation took place the vendor had already divested himself of his title, by reason of the first sale. Such a consideration has been taken into account by the legislator, who knows that when a second sale is made the vendor is no longer the owner of the property so sold; nevertheless, provision has been made for adjusting the conflict between the purchasers by prescribing the rules set forth in section 1376, *supra.* In the case of *Gutiérrez Hermanos* v. *Ramírez,* already cited, the same question was raised but the court adjudged the ownership in favor of the second purchaser, because his title had been recorded.

The judgment appealed from must be reversed and another rendered instead dismissing the complaint, without special imposition of costs.

Mr. Justice Hutchison dissented.